new trial on the ground of newly-discovered evidence dismissed, with costs to appellant. Present — Hubbs, P. J., Sears, Crouch, Taylor and Sawyer, JJ.

NORMAN C. DEMLER, an Infant, by ALBERT DEMLER, His Guardian ad Litem, Respondent, v. STANDARD OIL COMPANY OF NEW YORK, Appellant.— Judgment affirmed, with costs. All concur. Present — Hubbs, P. J., Clark,° Sears, Crouch and Sawyer, JJ.

NORMAN C. DEMLER, an Infant, by ALBERT DEMLER, His Guardian ad Litem, Respondent, v. STANDARD OIL COMPANY OF NEW YORK, Appellant.— Order denying motion for a new trial on the ground of newly-discovered evidence affirmed, with costs. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Sawyer, JJ.

FRED B. CRAWFORD, Respondent, v. M. EARL WILLIAMS and Others, Defendants. IRENE D. WILLIAMS and Another, Appellants.— Judgment affirmed, with costs. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Sawyer, JJ.

JOHN J. SCANLON, as Administrator, etc., of JOHN J. SCANLON, Deceased, Respondent, v. THE FIRST NATIONAL BANK OF MEXICO, N. Y., Appellant.* Judgment and order affirmed, with costs. All concur, except Sears, J., who dissents and votes for reversal on the ground that the evidence fails to show that the defendant had knowledge or reasonable grounds for knowledge that the plaintiff's intestate was ignorant of the time limitation contained in the letter of credit, and without such knowledge or reasonable grounds for such knowledge there was no basis for a finding of negligence in defendant's failure to disclose to plaintiff's intestate the terms of the limitation. Present — Hubbs, P. J., Clark, Sears, Crouch and Sawyer, JJ.

SAMUEL CODDINGTON IRVIN and JOHN CODDINGTON, Respondents, v. CITIZENS TRUST COMPANY and CHARLES H. C. MARTIN, as Administrators, etc., of MARY S. CODDINGTON, Deceased, Appellants.†— Judgment affirmed, with costs. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Sawyer, JJ.

MARGARET A. MCDONALD, Respondent, v. PEOPLES GAS AND ELECTRIC COMPANY OF OSWEGO, Appellant.‡— Judgment and order affirmed, with costs. All concur, except Taylor, J., who dissents and votes for reversal on the law and for dismissal of the complaint upon the ground that there is no testimony authorizing a finding that defendant's employee, Lloyd, was legally using the truck with the consent, express or implied, of the defendant. (*Fluegel* v. *Coudert*, 244 N. Y. 393.) Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ.

GRACE MCDONALD, Respondent, v. PEOPLES GAS AND ELECTRIC COMPANY OF OSWEGO, Appellant.‡— Judgment and order affirmed, with costs. All concur, except Taylor, J., who dissents and votes for reversal on the law and for dismissal of the complaint upon the ground that there is no testimony authorizing a finding that defendant's employee, Lloyd, was legally using the truck with the consent, express or implied, of the defendant. (*Fluegel* v. *Coudert*, 244 N. Y. 393.) Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ.

ELIZABETH MCDONALD, Respondent, v. PEOPLES GAS AND ELECTRIC COMPANY OF OSWEGO, Appellant.‡— Judgment and order affirmed, with costs. All concur, except Taylor, J., who dissents and votes for reversal on the law and for dismissal of the complaint upon the ground that there is no testimony authorizing a finding that defendant's employee, Lloyd, was legally using the truck with the

* Revd., 249 N. Y. 9.    † Affd., 249 N. Y. 578.    ‡ Affd., 249 N. Y. 584.